**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FOSTER TAFT, | No. 21-55216 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-07856-MWF-E |
| v. | |
| VENTURA COUNTY MEDICAL CENTER; CAROL LASHBROOK, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 7, 2021[**]
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and
BENCIVENGO,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Cathy Ann Bencivengo, United States District Judge
for the Southern District of California, sitting by designation.

Foster Taft appeals from an order of the district court dismissing his complaint without leave to amend. Taft brought suit under 42 U.S.C. § 1983 against Ventura County Medical Center ("VCMC") and Carol Lashbrook, a VCMC records preparer, alleging a violation of the federal Health Insurance Portability and Accountability Act ("HIPAA"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Taft argues that his suit should not have been dismissed because § 1983 confers a private cause of action for violations of HIPAA. It is well established, however, that HIPAA itself does not provide a private cause of action. *Webb v. Smart Document Sols.*, 499 F.3d 1078, 1081 (9th Cir. 2007). An alleged HIPAA violation therefore cannot provide a basis for a § 1983 claim. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 282–83 (2002) ("We now reject the notion that our cases permit anything short of an unambiguously conferred right to support a cause of action brought under § 1983.").

Taft further argues that the district court erred in denying leave to amend his complaint to add a cause of action under the Privacy Act of 1974, 5 U.S.C. § 552a. A district court's denial of leave to amend a complaint is presumed improper unless upon de novo review it is clear that "the complaint could not be saved by any amendment." *Thinket Ink Info. Res. v. Sun Microsystems*, 368 F.3d 1053, 1061

2

(9th Cir. 2004). The Privacy Act of 1974 governs the privacy of records maintained on individuals by agencies of the federal government. 5 U.S.C. §§ 552a(1); 551(1). The Privacy Act does not apply to state hospitals, even if they accept federal funding through Medicaid. *St. Michael's Convalescent Hosp. v. State of California*, 643 F.2d 1369, 1373–74 (9th Cir. 1981). Because VCMC is not an agency of the federal government, the district court did not err in finding that Taft's proposed additional claims against VCMC and Lashbrook under the Privacy Act would be futile.

**AFFIRMED.**